UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Gary Grishaber,

                Plaintiff,

v.                         REPORT AND RECOMMENDATION

Dr. Sheike, et al.,            20-CV-6011-DGL-MJP

                Defendants.

---

**Pedersen, M.J.** On January 10, 2023, this Court held a case management conference at which plaintiff Gary Grishaber did not appear. Mr. Grishaber, appearing before the Court *pro se*, was provided with notice of the conference via the Court's calendar event and via text order entered on CM/ECF. Notice was also mailed to 191 English Road, Rochester NY, 14616, Mr. Grishaber's last known address. The copy mailed to Mr. Grishaber was not returned.

On January 11, 2023, the Clerk of Court issued an order to show cause, which was mailed to Mr. Grishaber the same day. The copy was mailed to 191 English Road, Rochester NY, 14616, the last known address for Mr. Grishaber on the docket and the address provided in correspondence from Mr. Grishaber received by the Court on December 13, 2022.

Since, the Court has not received any communication from Mr. Grishaber, and notes the deadline for response to the show cause order passed on February 10, 2023.

With no other options and with the Court unable to elicit a response from Mr. Grishaber, the Court recommends that the case be dismissed for failure to prosecute.[1]

Accordingly, the Court hereby:

**RECOMMENDS** that the matter filed under Civil Action Number 6: 20-CV-6011-DGL-MJP be dismissed with prejudice, and the Court further

**RECOMMENDS** that this matter should be deemed closed.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**</u>

---

[1] The Court possesses inherent authority under Fed. R. Civ. P. 41(b) to dismiss this case with prejudice for failure to prosecute *sua sponte*. *See Link v. Wabash R. Co.*, 370 U.S. 626 (1962).

*Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorney for the defendant, and Mr. Grishaber.

IT IS SO ORDERED.

DATED:   March 2, 2023
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge